FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2019 JUN -3  AM 9:51

CLERK_____
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| SHAWNETTA COLLINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | MISC. CASE NO. MC119-008 |
| v. ) | |
| ) | |
| KOCH FOODS INC, et al., ) | |
| ) | |
| Defendants. ) | |

## MOTION TO COMPEL MANAGEMENT SERVICES' RESPONSE TO A NON-PARTY SUBPOENA TO PRODUCE DOCUMENTS

COMES NOW, the Plaintiff, Shawnetta Collins, and moves this Court to compel Management Services' response to a non-party subpoena issued by Plaintiff. Management Services failed to comply with a subpoena sent by Plaintiff by not producing the documents requested. Federal Rule of Civil Procedure 45(d)(2)(B)(i) permits a serving party to move the court for the district where the compliance is required for an order compelling production. Plaintiff has exhausted all efforts to have Management Services/Robert Leicht comply with Plaintiff's subpoena. The facts relevant to the discovery dispute are as follows:

1. Management Services was served by certified mail with a non-party subpoena on March 14, 2019 requiring the production of the documents set forth in

1

the subpoena. (Exhibit 1, attached).

2. Management Services signed and returned a certified mail receipt of service card on or around March 28, 2019. (Exhibit 2, attached).

3. On March 27, 2019, Management Services' Representative, Robert Leicht, wrote to Plaintiff's counsel objecting to the subpoena.[1] Specifically, Mr. Leicht argued that the subpoena commanded him to produce documents at a location more than 100 miles from his workplace; that the subpoena was unduly burdensome; and that the documents requested were confidential and proprietary. (Exhibit 3, attached).

4. During April, staff for Plaintiff's counsel communicated by phone[2] with Mr. Leicht regarding his objections and offered to modify the existing subpoena to permit Management Services to produce the relevant documents to a location well within 100 miles of his office.

5. On May 13, 2019, staff for Plaintiff's counsel reiterated, in writing via email, their previous offer to modify the existing subpoena to eliminate any burden on Management Services by allowing Management Services to produce the documents within 100 miles of Management Services' office and to allow

---

[1] While Mr. Leicht copied "Charles Mayers, Attorney at Law" on the letter, he later confirmed that he wasn't represented by counsel. See footnote 2, below.

[2] During these phone conversations, Robert Leicht, an employee of Management Services, requested all further communication to be in writing. After this request, staff for Plaintiff's counsel emailed Mr. Leicht to confirm this request and to confirm that Mr. Leicht was not represented by counsel. Mr. Leicht confirmed via email that he was not represented by counsel in this case.

2

Management Services to produce only electronic copies of the documents, saving them any expense incurred in printing or mailing physical copies. Mr. Leicht, on behalf of Management Services, refused to accept this compromise (Exhibit 4, attached).

### I. *Plaintiff Has Met Her Burden to Avoid Undue Expense.*

Plaintiff has met her burden to avoid undue expense under Federal Rule of Civil Procedure 45(d)(1) by offering to modify the subpoena and allow Management Services to produce documents within 100 miles of Management Services' office. Plaintiff has further attempted to eliminate any burden on Management Services by offering to allow Management Services to produce only electronic copies of the documents, saving them the time and expense of printing and/or mailing physical documents. Nevertheless, Management Services refused to comply with the subpoena.

### II. *Management Services is Subject to Sanctions.*

Under Rule 45(d)(1), the court for the district where compliance is required must enforce Plaintiff's duty to avoid undue expense by imposing an appropriate sanction on the party who fails to comply. Because Plaintiff has met her burden to avoid undue burden and expense, this Court must enter an order requiring Management Services to comply with the subpoena and impose a sanction on Management Services for its refusal.

3

### *III.    Plaintiff is Entitled to Reasonable Attorney's Fees.*

Plaintiff is entitled to reasonable attorney's fees under Federal Rule of Civil Procedure 45 (d)(1), which states that the court must enforce Plaintiff's duty to avoid undue burden and expense by imposing a sanction, including lost earnings and reasonable attorney's fees, on a party who fails to comply with a subpoena. Plaintiff's counsel has spent numerous hours sending letters and emails to Management Services to attempt to address their objections, calling Robert Leicht to discuss his objections to the subpoena, and researching and contacting attorneys near Management Services to inquire about their willingness to coordinate with Management Services. Because Plaintiff has met her burden to avoid undue expense, Management Services is subject to sanctions and an order compelling production and Plaintiff is entitled to reasonable attorney's fees.

WHEREFORE, premises considered, Plaintiff respectfully moves the Court to issue its order that Management Services produce the documents requested in the subpoena within ten (10) days or be held in contempt.

Respectfully submitted,

*/s/ Alicia K. Haynes*
Alicia K. Haynes
One of the Attorneys for the Plaintiff

4

**OF COUNSEL:**
Alicia Haynes
HAYNES & HAYNES, P.C.
1600 Woodmere Drive
Birmingham, AL 35226
Tel.: (205) 879-0377
Fax: (205) 879-3572
akhaynes@haynes-haynes.com

**OF COUNSEL:**
Heather N. Leonard
HEATHER LEONARD, P.C.
P.O. Box 43768
Birmingham, AL 35243
Tel.: (205) 977-5421
Fax: (205) 278-1400
Heather.Heather@LeonardPC.com
One of the Attorneys for the Plaintiff

**OF COUNSEL:**
Cynthia F. Wilkinson
WILKINSON LAW FIRM
215 Richard Arrington Jr. Blvd.
Suite 200
Birmingham, AL 35203
Tel.: (205) 250-7866
Fax: (205) 250-7869
wilkinsonefile@wilkinsonfirm.net
One of the Attorneys for the Plaintiff

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 28th 2019, a true and correct copy of the foregoing was served on counsel of record via email and U.S. Mail, postage prepaid and properly addressed.

Janell M. Ahnert
Littler Mendelson, P.C.
420 20th Street North, Suite 2300
Birmingham, AL 35203
Email: jahnert@littler.com


A copy of the foregoing was also served on the following via U.S. Mail, postage prepaid and properly addressed.

Robert Leicht
Management Servies
P.O. Box 1804
Evans, GA 30809

/s/ *Alicia K. Haynes*
OF COUNSEL