IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| SHAWNETTA COLLINS, | * | |
| Plaintiff, | * | |
| v. | * | MC 119-008 |
| KOCH FOODS, INC., et al., | * | |
| Defendants, | * | |
| MANAGEMENT SERVICES, | * | |
| Respondent. | | |

**O R D E R**

Before the Court is Plaintiff Shawnetta Collins's motion to compel a response to a subpoena served on Respondent Management Services, a non-party to the underlying action. (Doc. 1.) Management Services responded to the motion by arguing compliance is unduly burdensome and seeks to quash or modify the subpoena. (Doc. 2.) The Court, however, cannot reach the merits of the motion because it lacks jurisdiction over the matter. Therefore, Plaintiff's motion is **DENIED**.

**I. BACKGROUND**

Plaintiff filed an action in the Northern District of Alabama against Koch Foods, Inc., Koch Foods of Alabama, LLC, and Robert Elrod. (Collins v. Koch Foods, Inc., 2:18-CV-00211-ACA (N.D. Ala.

Feb. 7, 2018).) On March 14, 2019, Plaintiff's attorney served non-party Management Services a subpoena requiring the production of documents related to Management Services' business relationship with Koch Foods. (See Subpoena, Doc. 1-1.) The subpoena erroneously listed the issuing court as the Middle District of Alabama, instead of the Northern District of Alabama where Plaintiff's case is pending. (Id. at 2.) The subpoena was sent to Management Services' address in Evans, Georgia, but required the requested documents to be sent to Plaintiff's attorney's office in Birmingham, Alabama. (Id.)

Management Services objected to the subpoena because it required compliance more than 100 miles from its offices, it was unduly burdensome to comply, and it requested confidential and proprietary documents. (Mar. 27th Letter, Doc. 1-3.) In an effort to resolve the dispute, counsel for Plaintiff offered, via email, to allow Management Services to electronically send the documents to a "local attorney (100 miles from your office)." (May 13th Email, Doc. 1-4.) Management Services still did not comply with the subpoena, choosing instead to stand by its objections that compliance was unduly burdensome and the documents were confidential and proprietary. (Id.)

On June 3, 2019, Plaintiff filed a motion to compel a response to the subpoena in this Court pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(i). The motion makes only a fleeting

2

reference to this Court's jurisdiction to hear the matter by stating that a motion to compel compliance with a subpoena must be made in the court for the district where compliance is required. (Mot. to Compel, Doc. 1, at 1.) Management Services filed a response seeking to quash or modify the subpoena because compliance is unduly burdensome and the subpoena violates Rule 45's geographic limitations. (Doc. 2.)

## II. DISCUSSION

A federal court has both the power and the obligation to inquire into its jurisdiction whenever there is a possibility that jurisdiction does not exist. Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).

Subpoenas are governed by Federal Rule of Civil Procedure 45, which underwent substantial revisions in 2013.[1] As amended, "a subpoena must be issued by the court where the underlying action is pending, but challenges to the subpoena are to be heard by the district court encompassing the place where compliance with the subpoena is required."[2] Woods ex rel. United States v. SouthernCare, Inc., 303 F.R.D. 405, 406 (N.D. Ala. 2014) (citing

---

[1] Because of the recent amendments, there are limited circuit court opinions interpreting amended Rule 45 and, as far as the Court's research revealed, none addressing the specific issues presented by this case.
[2] A challenge to a subpoena includes a motion to quash and a motion to compel a response; both types of motions must be filed in the district where compliance is required. FED. R. CIV. P. 45(d)(2)(B)(i), (d)(3)(A).

3

FED. R. CIV. P. 45(a)(2), (d)(3)(A)). A subpoena to produce documents must specify the time and place where the documents are to be provided. FED. R. CIV. P. 45(a)(1)(A)(iii).

For subpoenas seeking the production of documents, the place of compliance must be "within 100 miles of where the person resides, is employed, or regularly transacts business in person." FED. R. CIV. P. 45(c)(2)(A). The prevailing rule across federal courts is that a subpoena's place of compliance is the district where documents are to be produced. See Westmore Equities, LLC v. Vill. Of Coulterville, 2016 WL 695896, at *2 (S.D. Ill. Feb. 22, 2016) (the location where the subpoena commands the documents be produced is the place where compliance is required); Montgomery v. Risen, 2015 WL 12672704, at *1 (S.D. Cal. Oct. 30, 2015) (same); Agri-Labs Holdings, LLC v. TapLogic, LLC, 2015 WL 13655779, at *1 (N.D. Ind. Oct. 20, 2015) (same); Tomelleri v. Zazzle, Inc., 2015 WL 400904, at *2 (D. Kan. Jan. 28, 2015) (same); Brady v. Lee, 2014 WL 12580025, at *2 (S.D. Fla. Oct. 29, 2014) (same); Narcoossee Acquisitions, LLC v. Kohl's Dep't Stores, Inc., 2014 WL 4279073, at *1 (M.D. Fla. Aug. 28, 2014) (same); but see Europlay Capital Advisors, LLC v. Does, 323 F.R.D. 628, 629 (C.D. Cal. 2018) (court lacked jurisdiction to hear challenge to non-party subpoena that was served in Northern District of California but required productions of documents to law firm's office in the Central District of California because non-party was headquartered in the

Northern District of California). Despite some contrary authority, the Court will follow the majority rule and concludes that the place of compliance is the location the subpoena directs the documents to be sent.

In reaching this conclusion, the Court finds <u>Agri-Labs Holdings</u>, 2015 WL 13655779, instructive. In that case, a non-party subpoena for documents was issued by the Northern District of Indiana, was served on the non-party's registered agent in the same district, and commanded the production of documents to a law firm in McCordsville, Indiana — a part of the Southern District of Indiana. <u>Id.</u> at *1. The Northern District of Indiana found it lacked jurisdiction over the challenge because the subpoena required the documents to be produced in another district, even though the subpoena was served within the Northern District of Indiana. <u>Id.</u>

Similarly, in <u>Brady</u>, 2014 WL 12580025, a non-party subpoena to appear for deposition and produce documents was issued by the Southern District of California to an individual in Miami Beach, which is part of the Southern District of Florida. <u>Id.</u> at *2. The subpoena required the documents to be sent to Orlando, a city in the Middle District of Florida. <u>Id.</u> The Southern District of Florida concluded the place of compliance was in Orlando, and thus, the motion to compel was filed in the wrong court. <u>Id.</u> The court specifically noted that "because the subpoenas specify that the

place of compliance is Orlando, the fact that [the non-party] was served in Miami Beach, Florida does not change the place of compliance to the Southern District of Florida." Id. at *2 n.4.

Using the location where the subpoena commands the documents be produced as the place of compliance is further supported by the Advisory Committee notes to Rule 45's 2013 amendment. The comments regarding changes to Rule 45(c) defining place of compliance states, "[u]nlike the prior rule, place of service is not critical to place of compliance." FED. R. CIV. P. 45(c) advisory committee's notes to 2013 amendment.

Here, the subpoena lists a Birmingham, Alabama address as the location Management Services must send the requested documents. Therefore, the place where compliance is required is Birmingham, which is part of the Northern District of Alabama.[3] As such, this Court lacks jurisdiction to hear the motion to compel.

Although Plaintiff offered to change the location the documents were to be sent, no location was ever specified, and it is unclear whether Plaintiff was able to secure a location within 100 miles of Management Services' offices. Regardless, "[m]ost courts look to the subpoena to determine where compliance is required." Ellis v. Arrowood Indem. Co., 2014 WL 4365273, at *3 (S.D. W. Va. Sept. 2, 2014); see also Paso Del Notre Motors, LP v.

---

[3] 28 U.S.C. § 81 (Birmingham is part of the Southern Division of the Northern District of Alabama).

6

Kia Motors of Am., Inc., 2015 WL 4939948, at *1-2 (N.D. Tx. Aug. 19, 2015) (document and deposition subpoena required compliance in Costa Mesa, California, so the Northern District of Texas lacked jurisdiction to hear a motion to compel supplemental responses; although the deposition had already taken place within the Northern District of Texas, that did "not change the fact that the subpoena, by its terms, required compliance in Costa Mesa, California"). To summarize, the subpoena at issue[4] requires compliance in the Northern District of Alabama, and therefore, this Court lacks jurisdiction to hear the motion to compel.

### III. CONCLUSION

Based on the foregoing, the Court concludes it lacks jurisdiction over Plaintiff's motion to compel. Accordingly, Plaintiff's motion (Doc. 1) is **DENIED**. The Clerk is directed to **CLOSE** this miscellaneous case file.

**ORDER ENTERED** at Augusta, Georgia, this 18th day of June, 2019.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[4] The subpoena appears to be invalid on its face because it was issued from the Middle District of Alabama when the underlying case is pending in the Northern District of Alabama. Further, the subpoena requires compliance more than 100 miles from Management Services' offices in Evans. If the Court did have jurisdiction, these flaws would permit it to quash or modify the subpoena. See FED. R. CIV. P. 45(d)(3)(A).